IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ORTIZ & ASSOCIATES CONSULTING, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ANYDESK AMERICAS, INC.,<br><br>    Defendant | Civil Action No.: 8:25-cv-3069<br><br>JURY TRIAL DEMANDED |

PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Ortiz & Associates Consulting, LLC files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 9,549,285 ("the '285 patent") (referred to as the "Patent-in-Suit") by Anydesk Americas, Inc. ("Anydesk" or "Defendant").

I.   THE PARTIES

1.   Plaintiff is a New Mexico Limited Liability Company with its principal place of business located in Albuquerque, NM.

2.   On information and belief, Defendant is a corporation organized and existing under the laws of the State of Florida. Defendant has a regular and established place of business located at 201 N Franklin Street, Suite 1300, Tampa, Florida 33602. Defendant can be served at its registered agent, Joseph Mersinger,

201 N. Franklin Street, Suite 1300, Tampa, Florida 33602, at its regular and established place of business, or anywhere else it may be found.

3. On information and belief, Defendant sells and offers to sell products and services throughout Florida, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Florida and this judicial district.

## II. JURISDICTION AND VENUE

4. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

5. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Florida and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Florida and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Florida and in this judicial district.

6. Venue is proper in this district under 28 U.S.C. § 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i)

at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Florida and this District.

### III.   INFRINGEMENT - Infringement of the '285 Patent

7.  On January 17, 2017, the '285 patent (included as Exhibit A and part of this complaint) entitled "Systems, methods and apparatuses for brokering data between wireless devices, servers and data rendering devices" was duly and legally issued by the U.S. Patent and Trademark Office. Plaintiff owns the '285 patent by assignment.

8.  The '285 patent relates to novel and improved systems, methods and apparatus for providing data, such as documents and video, to data rendering devices (DRDs) including networked printers capable of printing documents and multimedia devices (e.g., televisions, video monitors, and projectors) capable of displaying video data at the request of wireless devices.

9.  Defendant maintains, operates, and administers systems, products, and services that infringe one or more of claims 1-13 of the '285 patent, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '285 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been

put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

10. Support for the allegations of infringement may be found in the chart attached as Exhibit B. These allegations of infringement are preliminary and are therefore subject to change.

11. Defendant has caused Plaintiff damage by direct infringement of the claims of the '285 patent. The charted claims are directed towards the elements of Defendant's websites, e.g., https://web.archive.org/web/20210102181243/https:/anydesk.com/en/remote-support, that are used by Defendant's customers or in testing. Direct infringement of the claims by Defendant is established because Defendant infringes vicariously by profiting from its customers use of the various Defendant's website. Defendant controls both the manner and timing of infringement.

## IV. CONDITIONS PRECEDENT

12. Plaintiff has never sold a product. Upon information and belief, Plaintiff predecessors-in-interest have never sold a product. Plaintiff is a non-practicing entity, with no products to mark. Plaintiff has pled all statutory requirements to obtain pre-suit damages. Further, all conditions precedent to

recovery are met. Under the rule of reason analysis, Plaintiff has taken reasonable steps to ensure marking by any licensee producing a patented article.

13. Plaintiff and its predecessors-in-interest have entered into settlement licenses with several defendant entities, but none of the settlement licenses were to produce a patented article, for or under the Plaintiff's patents. Duties of confidentiality prevent disclosure of settlement licenses and their terms in this pleading but discovery will show that Plaintiff and its predecessors-in-interest have substantially complied with Section 287(a). Furthermore, each of the defendant entities in the settlement licenses did not agree that they were infringing any of Plaintiff's patents, including the Patent-in-Suit, and thus were not entering into the settlement license to produce a patented article for Plaintiff or under its patents.

14. To the extent Defendant identifies an alleged unmarked product produced for Plaintiff or under Plaintiff's patents, Plaintiff will develop evidence in discovery to either show that the alleged unmarked product does not practice the Patent-in-suit, and that Plaintiff has substantially complied with the marking statute. Defendant has failed to identify any alleged patented article for which Section 287(a) would apply. Further, Defendant has failed to allege any defendant entity produces a patented article.

15. The policy of § 287 serves three related purposes: (1) helping to avoid innocent infringement; (2) encouraging patentees to give public notice that the

article is patented; and (3) aiding the public to identify whether an article is patented. These policy considerations are advanced when parties are allowed to freely settle cases without admitting infringement and thus do not require marking. All settlement licenses were to end litigation and thus the policies of §287 are not violated. Such a result is further warranted by 35 U.S.C. §286 which allows for the recovery of damages for six years prior to the filing of the complaint.

16. For each previous settlement license, Plaintiff understood that (1) the settlement license was the end of litigation between the defendant entity and Plaintiff and was not a license where the defendant entity was looking to sell a product under any of Plaintiff's patents; (2) the settlement license was entered into to terminate litigation and prevent future litigation between Plaintiff and defendant entity for patent infringement; (3) defendant entity did not believe it produced any product that could be considered a patentable article under 35 U.S.C. §287; and, (4) Plaintiff believes it has taken reasonable steps to ensure compliance with 35 U.S.C. §287 for each prior settlement license.

17. Each settlement license that was entered into between the defendant entity and Plaintiff was negotiated in the face of continued litigation and while Plaintiff believes there was infringement, no defendant entity agreed that it was infringing. Thus, each prior settlement license reflected a desire to end litigation and as such the policies of §287 are not violated.

## V. JURY DEMAND

Plaintiff hereby requests a trial by jury on issues so triable by right.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

    a.    enter judgment that Defendant has infringed the claims of the '285 patent;

    b.    award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement of the Patent-in-Suit in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

    c.    award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

    d.    declare Defendant's pre-lawsuit infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284 if Plaintiff proves that the infringement was deliberate or intentional; and

    e.    award Plaintiff such other and further relief as this Court deems just and proper.

Dated: November 7, 2025

Respectfully submitted,

By: */s/ Victoria E. Brieant*
Victoria E. Brieant (FBN 632961)
Law Office of Victoria E. Brieant, P.A.
4000 Ponce de Leon Boulevard, Suite 470
Coral Gables, Florida 33146
Tel.: (305) 421-7200
Email: victoria@brieantlaw.com

Attorneys for Plaintiff
Ortiz & Associates Consulting, LLC